IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIA JOHNSON,  Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 20-903 |
| MERCY BEHAVIORAL HEALTH,  Defendant. | )  Judge Nora Barry Fischer ) ) ) |

**MEMORANDUM ORDER**

AND NOW, this 19th day of June, 2020, upon consideration of the Motion for Leave to Proceed In Forma Pauperis filed by pro se Plaintiff Asia Johnson, (Docket Nos. [1]), and the accompanying Complaint,

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Asia Johnson ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). In addition, "[f]ederal courts are courts of limited

jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, Plaintiff's Complaint is subject to dismissal for failure to state a plausible claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Here, Plaintiff asserts that subject matter jurisdiction is premised on both diversity of the parties and federal

question jurisdiction but she has not pled sufficient facts to demonstrate that her lawsuit is properly before this Court. (Docket No. 1-1). Initially, this Court cannot exercise diversity jurisdiction over any of Plaintiff's claims seeking $1 million in damages arising from an alleged assault by security at Defendant Mercy Behavioral Health because both she and Defendant are citizens of Pennsylvania. 28 U.S.C. § 1332(a). Similarly, while Plaintiff asserts that she is pursuing an unspecified "civil rights" claim against Defendant Mercy Behavioral Health, she has failed to allege that it is a state actor subject to suit under § 1983 and has not otherwise set forth a basis to hold that entity liable. *See e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). It is also clear that leave to amend would be futile. *See Johnson v. Trump*, 745 F. App'x 445, 446 (3d Cir. 2018) ("After reviewing Johnson's filings in the District Court and on appeal, we agree that the complaint lacks an arguable basis in law and fact, and we therefore conclude that the District Court correctly dismissed the complaint pursuant to § 1915(e)(2)(B).").

For all of these reasons, this matter is DISMISSED, without prejudice, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this action CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc:   Asia Johnson
      221 Smokeywood Dr.
      Pittsburgh, PA 15218
      (via first class mail)
      (also by email to:   asiajohnson710@icloud.com )